UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION
FUND, TRUSTEES OF; MICHIGAN
LABORERS' HEALTH CARE FUND,
TRUSTEES OF; MICHIGAN LABORERS'
VACATION FUND, TRUSTEES OF;     Case No.
MICHIGAN LABORERS' TRAINING &
APPRENTICESHIP FUND, TRUSTEES     Hon.
OF; MICHIGAN LABORERS' ANNUITY
FUND, TRUSTEES OF; MICHIGAN
LABORERS' AND EMPLOYERS'
COOPERATION AND EDUCATION
TRUST FUND, TRUSTEES OF;
MICHIGAN LABORERS' DISTRICT
COUNCIL OF THE LABORERS'
INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

          Plaintiffs,

v.

ENVIORONMENTAL SPECIALTY
SERVICES, INC., a Michigan corporation,

          Defendant.

---

## COMPLAINT

Plaintiffs state for their Complaint against Defendant:

1.    This is an action brought by trustees and fiduciaries of jointly administered,

multi-employer benefit funds under Sections 502 and 515 of the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section

301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), to, *inter alia*, collect delinquent benefit contributions, interest and assessments against Defendant, and for Defendant to produce financial records for an audit.

### Jurisdiction

2.     Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

### Parties

3.     The Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training & Apprenticeship Fund, Michigan Laborers' Annuity Fund, and Michigan Laborers' and Employers' Cooperation and Education Trust Fund (collectively "Funds") are jointly administered, multi-employer benefit funds.

4.     Plaintiff Michigan Laborers' District Council of the Laborers' International Union of North America, AFL-CIO ("MLDC") is a labor organization that enters into collective bargaining Agreements ("CBAs") with employers, including CBAs that require employers to remit benefit contributions to the Funds.

5.     Defendant Environmental Specialty Services, Inc. (ESS) does business in the construction industry and its principal place of business is located at 300 East Seven Mile Road, Detroit, Michigan 48203 in Wayne County, Michigan.  Defendant is an

employer as defined by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(g) of ERISA, 29 U.S.C. §1002(5).

### ERISA Fringe Benefit Contributions And Other Obligations

6.     Defendant is bound by CBAs with MLDC and the Abatement Workers Regional Local 207 (Local 207) for the period January 2012 to present, which requires contributions to the Funds. (Exhibit 1, Collective Bargaining Agreements; Exhibit 2, Trust Agreements and Amendments).

7.     Under the terms of the CBAs and related Trust Agreements and Amendments, Defendant is required to remit to the Funds contributions for all hours of covered work performed by their employees. Consistent with the CBAs and related Trust Agreements, monthly reports must be filed and monthly fringe benefit contributions must be remitted no later than the fifteenth day of each month for the previous month's covered work.

8.     The CBAs and related Trust Agreements and Amendments also require Defendant to pay interest and assessments on contributions which are unpaid or remitted after their due date.

9.     Defendant must also promptly furnish to the Plaintiffs all records concerning the classifications of its employees, including employee names and social security numbers, amount of wages paid and hours worked, location of work and any other payroll records and information which may be required in connection with the

administration of the Funds to ensure that the appropriate contributions have been collected and recorded. (Exhibit 3, Laborers' Collection Policy) Plaintiffs may examine the payroll records and books of Defendant whenever such examination is necessary to properly administer the Funds. *Id.*

## Breach of ERISA and the CBA

10.    From January 2012 to present, Defendant employed persons who performed work covered by the CBAs.

11.    As a result of work performed by these bargaining unit employees, Defendant became indebted for the payment of contributions pursuant to the terms of the CBAs.

12.    From January 2012 to present, Defendant failed to remit proper contributions to the Funds and failed to file proper monthly reports.

13.    Plaintiffs sought to conduct a payroll audit of work performed for the period of January 2012 to present.  (Exhibit 4, Letters to ESS regarding audit). But, such records were not provided. Defendant's total indebtedness to Plaintiffs for benefit contributions and other amounts (including interest and audit assessments) is unknown and cannot be ascertained until the Defendant submits all necessary books and records for inspection and audit, which they have refused to do, despite the Funds' demand.

## COUNT I—FAILURE TO SUBMIT RECORDS AND TO MAKE BENEFIT CONTRIBUTIONS AS A VIOLATION OF ERISA

14.    Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

15.   Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16.   Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. A suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

17.   Defendant's failure to make contractually obligated monthly reports and fringe benefit contributions to the Funds violates ERISA.

18.   Plaintiffs are entitled to all remedies under ERISA, including the payment of unpaid contributions, interest, "double interest" or liquidated damages, attorney's fees and costs, and injunctive relief. 29 U.S.C. §1132.

WHEREFORE, Plaintiffs request a Judgment against the Defendant as follows:

A.   Adjudicating that the Defendant is bound to the CBA with MLDC and Local 207 and pursuant to the CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B.   Ordering Defendant to honor all of the CBAs' fringe benefit obligations, including making proper and timely monthly remittances and monthly

reports consistent with the terms of the CBAs and related Trust Agreements and Amendments;

C.     Ordering Defendant to produce all records needed for a complete audit for the period January 2012 to present, so Plaintiffs can determine the total delinquency owed by the Defendant;

D.     Awarding Plaintiffs amounts owed for work performed by Defendant from January 2012 to present, together with attorney's fees and costs;

E.     Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, late payment assessments/double interest, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C.§1132(g)(2) and Plaintiffs' plan documents; and

F.     Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

**COUNT II—FAILURE TO SUBMIT TO AN AUDIT AND MAKE BENEFIT CONTRIBUTIONS AND REPORTS IN VIOLATION OF THE CBA AND TRUST AGREEMENTS**

19.     Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

20.     Section 301(a) of the LMRA, 29 U.S.C. §185(a), provides a federal forum to enforce labor contracts, including the contractual promise to pay contributions. Plaintiff Trustees and the Funds are third-party beneficiaries of the CBAs and/or other written agreements.

21.    Defendant breached the CBAs, Trust Agreements and Amendments incorporated into the CBAs by failing to submit to an audit, file proper monthly reports and pay contributions and other amounts to the Funds.

22.    Under the CBAs and Trust Agreements and Amendments and other written Agreements, Plaintiffs are entitled to the records needed for an audit and to unpaid contributions, interest, audit assessments, late payment assessments and attorney's fees and costs owed under the CBAs.

WHEREFORE, Plaintiffs request a Judgment against Defendant for:

A.    Adjudicating that the Defendant is bound to the CBAs with Local 207 and pursuant to the CBAs and applicable law, must pay benefit contributions to Plaintiffs for covered work;

B.    Ordering Defendant to honor all of the CBAs' fringe benefit obligations, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBAs and related Trust Agreements and Amendments;

C.    Ordering Defendant to produce all records needed for a complete audit for the period January 2012 to present, so Plaintiffs can determine the total delinquency owed by the Defendant;

D.    Awarding Plaintiffs amounts owed for work performed by Defendant from January 2012 to present, together with attorney's fees and costs;

7

E.     Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, late payment assessments/double interest, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C.§1132(g)(2) and Plaintiffs' plan documents; and

F.     Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

/s/ Lauren E. Crummel
Christopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 South Washington Avenue, Suite 600
Royal Oak, MI 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Plaintiffs

July 23, 2019