UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION
FUND, TRUSTEES OF; MICHIGAN
LABORER'S HEALTH CARE FUND,
TRUSTEES OF; MICHIGAN LABORERS'
VACATION FUND, TRUSTEES OF;                      Case No. 2:19-cv-12146
MICHIGAN LABORERS' TRAINING &                    Honorable Mark A. Goldsmith
APPRENTICESIP FUND, TRUSTEES                      Magistrate Judge David R. Grand
OF; MICHIGAN LABORERS' ANNUITY
FUND, TRUSTEES OF; MICHIGAN
LABORERS' AND EMPLOYERS'
COOPERATION AND EDUCATION
TRUST FUND, TRUSTEES OF;
MICHIGAN LABORERS' DISTRICT
COUNCIL OF THE LABORERS'
INTERNATOINAL UNION OF NORTH
AMERICA, AFL-CIO,
                              Plaintiffs,

v.

ENVIRONMENTAL SPECIALTY
SERVICES, INC., a Michigan corporation,

                              Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [12]

**I.     RECOMMENDATION**

Before the Court is Plaintiffs' motion for entry of default judgment against Defendant

Environmental Specialty Services, Inc., ("ESS") (ECF No. 12), which was referred to this Court

for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) (ECF No. 8).  Despite

having been served with process on August 1, 2019 (ECF No. 9), ESS has not appeared in this

matter, nor has it filed a response to Plaintiffs' motion.

For the following reasons, the Court RECOMMENDS that Plaintiffs' motion for entry of

default judgment (ECF No. 12) be GRANTED.

## II.     REPORT

### A.     Background

As ESS has not appeared or otherwise responded in this action, for purposes of this motion all of Plaintiffs' alleged facts are taken as true.  *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

Most of the plaintiffs in this action are benefit trust funds that are established and administered pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 6).  These plaintiffs include:  Trustees of Michigan Laborers' Pension Fund, Trustees of Michigan Laborers' Health Care Fund, Trustees of Michigan Laborers' Vacation Fund, Trustees of Michigan Laborers' Training & Apprenticeship Fund, Trustees of Michigan Laborers' Annuity Fund, and Trustees of Michigan Laborers' and Employers' Cooperation and Education Trust Fund. (*Id.*).  The remaining plaintiff – Michigan Laborers' District Council of the Laborers' International Union of North America, AFL-CIO ("AFL-CIO") is a labor organization, as defined in the National Labor Relations Act, 29 U.S.C. § 152(5).  (*Id.*).

On July 23, 2019, Plaintiffs commenced this action against ESS seeking delinquent fringe benefit contributions required to be paid under the terms of collective bargaining agreements ("CBA") entered into on December 3, 2002 through the present, between the AFL-CIO and (through an Independent Contractors Addendum) Environmental Specialty Services, Inc.  (ECF Doc Nos. 1, 12-2, 12-3, 12-4, 12-5, 12-6.)  According to Plaintiffs, ESS was required to contribute certain set sums to the Funds for every hour worked by its employees.  (ECF No. 12, PageID.577.)

2

Plaintiffs assert that from January 2012 to the present ESS has failed to comply with its contractual and statutory obligations by failing to file fringe benefit reports, and by failing to pay the fringe benefit contributions due on behalf of each employee. (*Id.*). Plaintiffs further assert that they are entitled to attorney's fees and costs pursuant to Section 502(g) of ERISA. (*Id.* at PageID.588, 591.) In their instant motion for default judgment, Plaintiffs seek (1) to compel ESS to produce its books for an audit to determine the amounts owed to the Funds by ESS; (2) the entry of a judgment against ESS for all unpaid fringe benefit contributions, liquidated damages, interest, and audit costs found due by the audit; (3) an award of attorney fees and costs in the amount of $7,122.96 to be supplemented as necessary; and (4) for the Court retain jurisdiction pending ESS's compliance with any order issued by the Court. (*Id.* at PageID.595-96.)

Plaintiffs served ESS with copies of the summons and amended complaint on August 14, 2019. (ECF No. 9). On August 26, 2019, the Clerk entered default against ESS, pursuant to Fed. R. Civ. P. 55(a), for its failure to respond to the summons and complaint. (ECF No. 11.) On November 13, 2019, Plaintiffs filed the instant motion for entry of default judgment. (ECF No. 11.) ESS has not responded to this motion. The Court has carefully considered the relevant briefing and pleadings and dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2).

### B.    Legal Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, the party seeking relief from the defaulting party may apply for a default judgment. *See* Fed. R. Civ. P. 55(b). An application for a default judgment may be made to the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . ." Fed. R. Civ. P. 55(b)(1). "In all

3

other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Unless the party against whom a default judgment is sought is a minor or incompetent, notice of the motion is not required. *See* Fed. R. Civ. P. 55(b)(2).

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, case law indicates that the Court must exercise "sound discretion" when determining whether to enter a judgment. *State Farm Bank v. Sloan*, 2011 WL 2144227, *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* §2685 (3d ed. 1998). As set forth above, once a default is entered, well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true. *Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008) (citing *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see also Trice v. Lake & County Real Estate*, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")). Nevertheless, the Court still has an obligation to assess whether the factual allegations are legally sufficient to state the alleged cause of action. *See In re Industrial Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("While a default constitutes an admission of all the facts 'well pleaded' in the complaint, it does not admit any conclusions of law alleged therein, nor establish the legal sufficiency of any cause of action .... [I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

### C.      Analysis

#### 1.      *Jurisdiction*

Before entering a default judgment, the Court must determine whether it has jurisdiction over the case and the parties.  *See Ford Motor Co.*, 441 F. Supp. 2d at 845.  Here, the Court has both subject matter jurisdiction and personal jurisdiction over ESS.  Plaintiffs have sufficiently alleged federal question jurisdiction, as their claims allege violations of federal law (ERISA). (ECF Nos. 1, 6).  The Court must also "determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case."  *Ford Motor Co.*, 441 F. Supp. 2d at 845.  The Court concludes that it has personal jurisdiction over the ESS because ESS is a Michigan corporation, doing business in Detroit, Michigan.  (ECF No. 1, PageID.2.)

#### 2.      *Liability and Damages*

As outlined above, ESS has, by default, admitted all well-pleaded allegations of Plaintiffs' complaint.  The Court finds that the allegations set forth in Plaintiffs' complaint, as discussed in detail above, are sufficient to establish that ESS violated ERISA by: (a) failing to file fringe benefit reports; (b) failing to pay required fringe benefit contributions; and (c) failing to submit to an audit regarding the amount of fringe benefit contributions due.  *See* 29 U.S.C. §§ 185(a), 1145, 1132(g)(2).  Under the circumstances, then, it certainly appears that there has been a complete and purposeful failure to comply with the obligations imposed upon ESS by both the CBA and by ERISA.  Plaintiffs' members have been (and continue to be) prejudiced by ESS's failure to contribute to the Funds.

The total sum of money involved in the dispute between Plaintiffs and ESS is not susceptible of precise enumeration at this point only because ESS has not produced its books and

records.  For these reasons, it is appropriate to order ESS to: (1) produce the books and records necessary for Plaintiffs to conduct an audit of ESS from January 2012 to the present; and (2) remit benefit contributions due for the same period, as well as liquidated damages, interest, and audit costs, as determined by the audit.

### 3.     Attorneys' Fees

As Plaintiffs point out, Section 502(g) of ERISA provides that a defendant *shall* pay a prevailing fiduciary reasonable attorneys' fees when "a judgment in favor of the plan is awarded." *See* 29 U.S.C. § 1132(g)(2)(D); *Trustees of Laborers Local 32 Insurance Fund v. Fantin Enterprises, Inc.,* 163 F.3d 965, 970 (6th Cir. 1998).  "[T]he 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees" under ERISA.  *Ousley v. General Motors Retirement Program for Salaried Employees*, 496 F.Supp.2d 845, 849-50 (S.D. Ohio March 13, 2006).  The lodestar approach uses "hours reasonably expended on the litigation multiplied by a reasonable hourly attorney rate" to determine the reasonable attorneys' fees to be awarded.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The "reasonable" rate is determined by reference to the "prevailing market rates" in the "relevant community."  *Gratz v. Bollinger*, 353 F.Supp.2d 929, 945-946 (E.D. Mich. 2005).  Plaintiffs are experienced ERISA lawyers and they request an hourly rate of $195/hr. for attorneys.  (ECF No. 12-24.)  That rate is amply supported by the State Bar of Michigan's 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report.  (ECF No. 12, PageID.593-94; No. 12-25.)  Plaintiffs seek $130/hr. for paralegal time, which is also reasonable.  (*Id.*, PageID.595) (citing *Ward v. G. Case Reynolds Sims & Associates, P.C.*, 2014 WL 4798935 at *2 (E.D. Mich. Sept. 26, 2014) and *Atallah v. Law Office of Timothy E. Baxter, P.C.*, 2013 WL 866477 at *2, 4 (E.D. Mich. Mar. 7, 2013)) (both approving $140.00/hr. for paralegal time).

Plaintiffs have submitted contemporaneous time and billing records for their work, and multiplying their hours worked (which the Court finds to be reasonable) times the reasonable rates of $195 an hour for attorneys and $130 an hour for paralegals yields an award of $7,122.96 (inclusive of $457.21 in recoverable costs).  (ECF No. 12-24; No. 12, PageID.591-96.)  As such, Plaintiffs should be awarded that amount of attorneys' fees, to be supplemented as necessary to reflect future attorney and paralegal work .

## III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' Motion for Entry of Default Judgment **(ECF No. 12)** be **GRANTED** and that judgment be entered in favor of Plaintiffs and against ESS in this matter.  **IT IS FURTHER RECOMMENDED** that ESS be **ORDERED** to: (1) produce the books and records necessary to conduct an audit and submit to such an audit for the period of January 2012 through the present; (2) submit contribution reports for the same period; (3) remit benefit contributions due for the same period; and (4) pay attorneys' fees and costs of $7,122.96, to be supplemented as necessary.  The Court should retain jurisdiction of this matter to ensure ESS's compliance with any Order entered by the Court.

Dated: January 31, 2020                          s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

*v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts_____
EDDREY O. BUTTS
Case Manager

Dated:  January 31, 2020