UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS'
PENSION FUND, et al.,

    Plaintiffs,

Case No. 19-12146

vs.

HON. MARK A. GOLDSMITH

ENVIRONMENTAL SPECIALTY
SERVICES, INC.,

    Defendant.
_____/

# ORDER & OPINION
## (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 31, 2020 (Dkt. 13), AND (2) GRANTING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT (Dkt. 12)

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge David R. Grant, issued on January 31, 2020 (Dkt. 13). In the R&R, the Magistrate Judge recommends that the Court grant Plaintiffs' motion for default judgment (Dkt. 12).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accept the magistrate judge's R&R (Dkt. 13), and grants Plaintiffs' motion for default judgment (Dkt. 12). Defendant Environmental Specialty Services, Inc. ("ESS") is ordered to: (1) produce the books and records necessary to conduct an audit and submit to such an audit for the period of January 2012 through the present; (2) submit contribution reports for the same period; (3) remit benefit contributions due for the same period; and (4) pay attorneys' fees and costs of $7,122.96, to be supplemented as necessary. The Court retains jurisdiction of this matter to ensure ESS's compliance with any order entered by the Court.

    SO ORDERED.

Dated: March 30, 2020                      s/Mark A. Goldsmith
      Detroit, Michigan               MARK A. GOLDSMITH
                                             United States District Judge